IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| R-DELIGHT HOLDING LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-07-56 |
| MARY ANDERS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This breach of contract action arises out of a Complaint filed by R-Delight Holding LLC ("Plaintiff" or "R-Delight") against Mary Anders ("Defendant") alleging that she breached a contract to purchase real property located in Baltimore City, Maryland. Pending before this Court is Defendant's Motion to Dismiss pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's failure to join Defendant's son, Stephen Anders, as a defendant constitutes a failure to join a necessary and indispensable party under Rule 19. Plaintiff contends that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The parties' submissions have been reviewed and no hearing is necessary on this motion. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

On November 18, 2005, Stephen Anders signed a contract at an auction to purchase some real property in Baltimore, Maryland, in the amount of $1,785,500. (Compl. ¶ 4; Def.'s Mem. Supp. Mot. Dismiss ¶¶ 11-13.) R-Delight Holding LLC signed the contract on behalf of RD 16

1

LLC, the owner and seller of the property. (Compl. ¶¶ 1, 4.) Mary Anders, the mother of Stephen Anders, was involved in the transaction, although there is a dispute as to the extent of her involvement, as discussed *infra* in Part I.B.1.a. (*Id.* ¶¶ 4-5, 7; Def.'s Mem. Supp. Mot. Dismiss ¶¶ 8-10.) Ultimately, the parties were unable to close under the contract. (Compl. ¶ 4; Def.'s Mem. Supp. Mot. Dismiss ¶ 16.) Stephen Anders spent $17,400.00 on fees associated with the property purchase. (Stephen Anders Aff. ¶ 17.) In addition, Alex Cooper Auctioneers, Inc. is currently holding a deposit placed towards the purchase of the property. (Def.'s Mem. Supp. Mot. Dismiss ¶ 17; *see also* Compl. ¶ 8.) At a subsequent auction occurring September 21, 2006, the property in question sold for $1,500,000. (Compl. ¶ 6.)

R-Delight filed a Complaint for breach of contract in this Court on January 9, 2007 against Mary Anders. Plaintiff contends this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, because Plaintiff R-Delight Holding LLC "is a limited liability corporation formed in Maryland, with its principal place of business in Baltimore, Maryland" and Defendant Mary Anders is a resident of the District of Columbia. (*Id.* ¶¶ 1-3.) Prior to being served with the Complaint in this case, Stephen and Mary Anders filed a complaint in the Circuit Court for Montgomery County, Maryland, on January 19, 2007 against R-Delight, RD 16 LLC, an individual manager of R-Delight, and Alex Cooper Auctioneers, Inc. for various tort, contract, and equity claims. (Def.'s Mem. Supp. Mot. Dismiss ¶ 18.) That complaint was recently amended "to clarify a few inartfully drafted paragraphs and to make clear Stephen Anders' own interests in the proceeding." (*Id.*)

Defendant filed a Motion to Dismiss in this Court on April 2, 2007.  (Paper No. 8.) Defendant moves pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure to dismiss Plaintiff's Complaint on the grounds that complete relief cannot be granted without joining Stephen Anders, an indispensable party, and because joinder of him as a defendant would destroy diversity jurisdiction.[1]  (Def.'s Mot. Dismiss 1.)

## STANDARD OF REVIEW

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to join a party in accordance with Rule 19.  This Court's analysis under a Rule 12(b)(7) motion to dismiss for failure to join an indispensable party involves a two-step inquiry. *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999).  First, this Court must determine whether the party is "necessary" to the action pursuant to Rule 19(a).  *Id.*  The Rule requires that the party be subject to service of process and dictates that the party be joined if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).  "The inquiry contemplated by Rule 19(a) is a practical one, and is addressed to the sound discretion of the court."  *Heinrich v. Goodyear Tire & Rubber Co.*, 532 F. Supp. 1348, 1359 (D. Md. 1982) (citing *Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980)).

---

[1] Stephen Anders is a Maryland resident.  (Stephen Anders Aff. ¶ 18.)

Second, if this Court deems the party necessary, but the party cannot be joined because its joinder would destroy diversity, as here, this Court must then consider whether the party is indispensable pursuant to Rule 19(b) such that the case must be dismissed. *Owens-Illinois, Inc.*, 186 F.3d at 440. Under Rule 19(b), "the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed. . . ." Fed. R. Civ. P. 19(b). In considering indispensability, the Court looks to four factors:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). This analysis is not formalistic and the Court must consider the particular factual setting presented. *Schlumberger Indus. Inc., v. Nat'l Sur. Corp.*, 36 F.3d 1274, 1286 (4th Cir. 1994); *see also Owens-Illinois, Inc.*, 186 F.3d at 441 ("Such a decision 'must be made pragmatically, in the context of each case, rather than by procedural formula . . . by considering 'the practical potential for prejudice' to all parties, including those not before it." (citation omitted)). The Court's determination under Rule 19(b) is an equitable one left to the Court's discretion. *See Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968) ("The decision whether to dismiss . . . must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests.").

In this case, Defendant bears the burden of showing that Plaintiff has failed to join a necessary and indispensable party. *See* 5C Charles Alan Wright & Arthur R. Miller, Federal

4

Practice and Procedure § 1359 (3d ed. 2007) (footnote omitted). To satisfy this burden, she may present evidence outside the pleadings, such as affidavits of persons knowledgeable about the party's interest, and the Court may consider such evidence, as well as evidence of existing alternative state remedies. *Id.* (footnote omitted).

DISCUSSION

Defendant Mary Anders has moved to dismiss the Complaint on the basis that Stephen Anders is a necessary and indispensable party under Rule 19. Defendant first contends that complete relief cannot be accorded among those already parties to this action. Plaintiff refutes this assertion by arguing that Plaintiff and Defendant could both be accorded complete relief if the action proceeds. Defendant further argues that Stephen Anders's ability to protect his interest relating to this suit's subject matter is impaired or impeded if the case proceeds without his participation and, in the alternative, that the parties herein face substantial risk of incurring double or otherwise inconsistent obligations by reason of this claimed interest. R-Delight contends that Stephen Anders has no interest in the case and that, even if he does, that interest is protected. Additionally, R-Delight further avers that there is no risk of double or inconsistent obligations, but that even if there was, it is willing to take that risk.

**I.    Necessary Party**

To demonstrate that her son is a necessary party to this action, Mary Anders must show either (1) that complete relief among the parties now before this Court cannot be accorded in his absence, or (2) that he claims an interest relating to the subject matter under consideration in this case that would be jeopardized or that would create risk of multiple or inconsistent obligations

for the existing parties.  *See* Fed. R. Civ. P. 19(a).  She advances several arguments to show that her son is a necessary party under both avenues available under Rule 19(a).[2]

### A.   Complete Relief

Defendant first argues that Stephen Anders is a necessary party pursuant to Rule 19(a)(1) because he alone attended the auction, negotiated the agreement, and signed the contract.  (Def.'s Mem. Supp. Mot. Dismiss 5.)  Thus, Defendant asserts that "complete relief cannot be accorded to plaintiff and defendant herein, in the absence of Stephen Anders as a party."  (*Id.*)  Rule 19(a)(1) provides that a person is a necessary party if "in the person's absence complete relief cannot be accorded among those already parties."  Fed. R. Civ. P. 19(a)(1).  Stephen Anders's involvement in the disputed transaction inhibits Defendant's ability to achieve complete relief in the case at bar.  Although R-Delight has access to complete relief in this case if it prevails, Mary Anders would not necessarily gain complete relief because any potential counterclaims depend on Stephen Anders's involvement.  Accordingly, Mary Anders, the only Defendant currently before this Court, cannot be assured of complete relief in Stephen Anders's absence.

---

[2] As mentioned above, the Rule requires that a party be joined if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

Defendant also identifies Mr. Anders as an obligator, claiming he is "a real party in interest." (Def.'s Mem. Supp. Mot. Dismiss 5.)  However, a party may generally sue a joint obligator individually without the necessary presence of other joint obligators.  *See Scott v. Shepard Niles, Inc.*, 11 F.3d 399 (3d Cir. 1993); *Envirotech Corp. v. Bethlehem Steel Corp.*, 98 F.R.D. 250 (S.D.N.Y. 1983); *see also Traylor v. Grafton*, 332 A.2d 651 (Md. 1975) (holding that a party to a contract may proceed against joint obligators jointly or severally).  Thus, it is likely that R-Delight could obtain complete relief in Stephen Anders's absence.  However, as this Court has already found that complete relief cannot be afforded to Mary Anders without her son as a party, Rule 19(a)(1) provides a sufficient basis for dismissal.

      **B.**      **Impairment of Stephen Anders's Interest**

In the alternative, Rule 19(a)(2) provides another route for Defendant to show that Stephen Anders is a necessary party.  Defendant argues that her son possesses a claim that would be impaired or impeded if he is precluded from joining this suit. (Def.'s Mem. Supp. Mot. Dismiss 6.)  This satisfies the Rule's predicate requirement since Mr. Anders "claims an interest relating to the subject of the action. . . ." Fed. R. Civ. P. 19(a)(2).  To ultimately prevail on this issue, Defendant must show that disposition of this action in Mr. Anders's "absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." *Id.*  This Court is satisfied that Defendant has met both prongs.

### 1.     Stephen Anders's Ability to Protect His Interest

To justify dismissal under Rule 19(a)(2)(i), Defendant must show that Mr. Anders's "absence may (i) as a practical matter impair or impede the person's ability to protect that interest. . . ." *Id.* Defendant simply presents a conclusory statement that Mr. Anders's absence in this suit would impair and impede his ability to protect his interests. (Def.'s Mem. Supp. Mot. Dismiss 6.) R-Delight counters by arguing that Stephen Anders faces no risk if excluded from this litigation, because, if its case fails, it would be judicially estopped from proceeding on the same claim against Stephen Anders, while, if it prevails, R-Delight could not execute on this Court's judgment against him. (Pl.'s Opp'n Mot. Dismiss 6.) This, however, does not extinguish fully the potential for this suit to impair and impede Stephen Anders's ability to protect his interest, as Mr. Anders's cause of action in the Circuit Court for Montgomery County could be negatively impaired by the pending action in this Court.

It is apparent from the Motion to Dismiss and supporting exhibits that Mr. Anders claims some right to the deposit and the fees he allegedly expended in the course of this transaction. For example, Defendant notes that "[t]he *Anderses'* deposit of $178,500 is still being held in escrow by Alex Cooper. . . ." (Def.'s Mem. Supp. Mot. Dismiss ¶ 17 (emphasis added).) Defendant also states that "Stephen Anders expended $17,400.00 for the appraisal and bank fees. . . ." (*Id.* ¶ 14 (citation omitted).)[3] Therefore, at the very least, Stephen Anders claims an interest

---

[3] Although Plaintiff characterizes the deposit as Mary Anders's in its February 27, 2006 letter to Alex Cooper Auctioneers, Inc., Plaintiff's representative, Ann Ramsey, noted that Stephen Anders, along with the other parties, requested that the auctioneers invest the deposit in two accounts. (Def.'s Mem. Supp. Mot. Dismiss Ex. 4.) This wording suggests that Plaintiff recognized Stephen Anders had at least some claimed interest in the deposit, because otherwise there would be no need to mention him. Also, the letter could have directed the transfer of funds at the request of Mary Anders alone, if, as Plaintiff claims, it allegedly was exclusively hers.

in the deposit that is at issue in this case. Should Plaintiff prevail in this case, Stephen Anders's ability to protect his interest in the deposit might be impeded and impaired because the Court will have awarded the entire deposit, which might include his interest, to Plaintiff. The ultimate outcome likely hinges on the veracity of Plaintiff's agency argument and whether Mr. Anders was Defendant's agent.

### a. Agency

An important underlying question in this case is whether Stephen Anders was Mary Anders's agent. Depending on Stephen Anders's status, he, Mary Anders, both of them, or neither of them could be liable for Plaintiff's asserted claims and/or could have rights to damages and to the deposit and fees expended during the transaction.

Under Maryland law,[4] the authority of an agent to act for a principal may be actual or apparent. *Citizens Bank v. Md. Indus. Finishing Co.*, 659 A.2d 313, 318 (Md. 1995); *Homa v. Friendly Mobile Manor, Inc.*, 612 A.2d 322, 360 (Md. Ct. Spec. App. 1992) (citation omitted). "Actual authority is that which is actually granted by the principal to the agent, and it may be express or implied." *Homa*, 612 A.2d at 359 (citation omitted); *see also Reserve Ins. Co. v. Duckett*, 214 A.2d 754, 759 (Md. 1965) (clarifying that there can be no implied authority unless there is actual agency). Apparent authority, on the other hand, arises from acts or manifestations by an alleged principal to a third party that lead the third party to believe the alleged agent had authority to act on the principal's behalf. *Klein v. Weiss*, 396 A.2d 126, 140 (Md. 1978) (citation omitted).

---

[4] Plaintiff contends that this Court has jurisdiction based on the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332. Therefore, Maryland substantive law applies. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

R-Delight cites three reasons in support of its argument that Stephen Anders is the mere agent of Mary Anders and, therefore, not a real party in interest.  First, R-Delight contends that at the auction, Stephen Anders "made clear [he] could not submit a bid, nor sign a contract, without the approval of his mother." (Pl.'s Opp'n Mot. Dismiss 1.)  This factual contention by R-Delight does not necessarily establish that Stephen Anders, as the supposed agent, reasonably believed in accordance with his mother's manifestations to him, that she, as the principal, wished him as the agent to act in a way that bound only her.  *See* Restatement (Third) of Agency § 2.01 (2006) (stating that "[a]n agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act").  Instead, Stephen Anders stated in his affidavit that *he* "decided to pursue the purchase" of the real property and "asked [his] mother if she would be interested and willing to assist and/or partner with [him] in the financing." (Stephen Anders Aff. ¶¶ 9-10.)  In addition, Mary Anders confirmed that her son approached her about investing and that they agreed that "he would manage the property and [she] would help secure financing," indicating that they were joint venturers rather than principal and agent. (Mary Anders Aff. ¶¶ 6-8; *see also* Def.'s Mem. Supp. Mot. Dismiss 6.)  Thus, based on the current record, this Court cannot conclude that Stephen Anders had actual authority to enter into the contract solely on behalf of his mother.

Moreover, any apparent authority that might bind Mary Anders as the alleged principal must arise out of *her* conduct, not Stephen Anders's representations at the auction.  *Miller v. Mueller*, 343 A.2d 922, 927 (Md. Ct. Spec. App. 1975) ("The action or manifestation of authority giving rise to the reliance must be that of the principal. . . .").  Thus, even if Stephen

Anders stated or otherwise represented at the auction that he could not act without his mother's approval, that does not establish apparent authority absent any representation by Mary Anders. As the Fourth Circuit held in *Auvil v. Grafton Homes, Inc.*, 92 F.3d 226, 230 (4th Cir. 1996), an agent's statements that he has authority to represent a principal, absent more, is insufficient to entitle a third party to rely on his agency. *See Dyer v. Otis Warren Real Estate Co.*, 810 A.2d 938 (Md. 2002) (holding that an agent does not have implied authority to execute a contract to sell real estate which is binding on the principal); *Mueller*, 343 A.2d 922 (holding that the mere retention of an agent to negotiate the terms of a real estate transaction does not confer upon the agent the implied authority to make a contract of sale).

R-Delight next points to discussions that allegedly took place exclusively with Mary Anders after the auction as proof that she was the principal and her son was merely her agent. (Pl.'s Opp'n Mot. Dismiss 2.) This argument is also unpersuasive. For one thing, any representations from the alleged principal Mary Anders occurring *after* the contract was executed cannot support a finding of apparent authority at the time the parties entered into the contract. More importantly, Mary and Stephen Anders explain in their affidavits that they anticipated having different roles in the "joint venture," so the particular discussions in question may not have concerned Stephen Anders. (Stephen Anders Aff. ¶¶ 11-12; Mary Anders Aff. ¶ 8.) Thus, the discussions by themselves are insufficient to conclusively declare that Stephen Anders was Defendant's agent and therefore not a necessary party.

Finally, R-Delight refers to language in the verified complaint filed in the pending state court action in the Circuit Court for Montgomery County brought by Mary and Stephen Anders to support its contention that Stephen Anders was his mother's agent. (Pl.'s Opp'n Mot. Dismiss

11

2-3.) Specifically, the verified Montgomery County complaint states that "plaintiff Stephen Anders attended the November 18, 2005 auction . . . on behalf of his mother, plaintiff Mary Anders. . . ." (Def.'s Mem. Supp. Mot. Dismiss Ex. 5, ¶ 13.) While the phrase "on behalf of" suggests an agency relationship, it must be taken in context with the remainder of the certified complaint, in which the Anders use language clearly expressing that they acted in concert. For example, the verified complaint states that "*plaintiffs* agreed upon a sales price," that the "*plaintiffs* posted" a deposit, that Alex Cooper holds "*plaintiffs'* money," and that "Defendants entered into a contract to sell the Properties to *plaintiffs*." (*Id.* ¶¶ 20-22, 54 (emphasis added).) Although the verified complaint does not expressly allege that Mr. Anders had any personal interest in the contract, the inference R-Delight requests this Court to reach is unsupported in view of the other language used throughout the complaint which, on its face, shows he claims such an interest.

R-Delight's related argument that the Anders changed their factual position by amending the verified complaint is equally unavailing. (*See* Pl.'s Opp'n Mot. Dismiss 2-3.) It is apparent from the red-lined version of the complaint that the Anders were correcting various errors in the original complaint as well as clarifying certain statements. (*See id.* at Ex. 1.) For example, verb tenses were changed (*id.* ¶ 37), modifying terms were added (*id.* ¶ 59), grammatical errors were corrected (*id.* ¶ 84), allegations were added (*id.* ¶ 89), and both names were added rather than simply "plaintiffs" (*id.* 18). Most importantly, as previously observed, the word "plaintiffs" was already used throughout the entire first version of the complaint. As a result, Defendant's explanation that this action was taken "to clarify a few inartfully drafted paragraphs and to make clear Stephen Anders's own interests in the proceeding" (Def.'s Mem. Supp. Mot. Dismiss ¶ 18)

is more persuasive than the conclusion Plaintiff would have this Court reach—that the Anders entirely changed their position and theory of the case.

In short, the subject of this action cannot be characterized simply as a contractual dispute between only Mary Anders and R-Delight.  Based on the current record, even accepting Plaintiff's well-pleaded allegations as true, this Court cannot with certainty conclude that Stephen Anders was merely Mary Anders's agent and therefore not a party to the contract and without an interest in the subject matter of the lawsuit.  Rather, this Court is reluctant to exclude Mr. Anders from this proceeding as adjudication of this case on the merits will require a determination of the parties' statuses and roles, as well as an analysis of the transaction.  Stephen Anders potentially has rights under the contract, so, as a practical matter, this action might impair or impede his ability to protect his interest.

Lastly, this Court notes that the interests furthered under subdivision (a) of Rule 19 "are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." Fed. R. Civ. P. 19 advisory committee's note.  Therefore, in light of Stephen Anders's asserted interest and the public interest in judicial efficiency, this Court holds that Defendant has satisfied Rule 19(a)(2)(i).

### 2.     Risk of Double or Inconsistent Obligations

R-Delight asserts that "this lawsuit does not create a risk that any party would incur inconsistent obligations." (Pl.'s Opp'n Mot. Dismiss 6.)  Plaintiff argues further that any such risk is "remote," that it is "fully prepared to accept [the risk,]" and that the risk is "not . . . cognizable under Rule 19(a)(2)." (*Id.*)  Plaintiff, however, does not provide any authority that this acknowledged, albeit allegedly remote, risk is not cognizable or that a party can "accept" or

waive such a risk. (*Id.*)  Without Stephen Anders as a party in this action, the disposition of the case filed in the Circuit Court for Montgomery County, in which he is a plaintiff, could result in inconsistent obligations for either Mary Anders or R-Delight depending on the outcome of this case.  "Thus, plaintiff hereto would be 'subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [Stephen Anders'] claimed interest." (Def.'s Mem. Supp. Mot. Dismiss 6-7 (citing Fed. R. Civ. P. 19(a)(2)(ii) (alteration in original)).)  Furthermore, there is a risk of a second lawsuit brought by Stephen Anders if Mary Anders prevails in this case on any counterclaims, because the judgment would be in her favor but not his.  *See Owens-Illinois*, *Inc.*, 186 F.3d at 441.

Therefore, even if this Court were to hold that Stephen Anders is merely an agent of his mother, the inherent risk of inconsistent judgments provides a basis for finding him necessary under Rule 19(a)(2)(ii).  This Court finds that Stephen Anders is a necessary party to this action, because permitting this suit to continue could subject either the Plaintiff or Defendant to conflicting legal obligations.

As a final matter, both this Court and the Circuit Court for Montgomery County, in which the Anders have brought their suit, "are being asked to make determinations on the validity and interpretation of the [contract], creating a high likelihood of incongruous results." *Owens-Illinois*, *Inc.*, 186 F.3d at 441.  Both courts would also be required to decide the related agency issue.  "This potential for factual and legal 'whip-saw' weighs heavily in favor of having one court adjudicate the entire case with all of the affected parties before it." *Id.*  Accordingly, Defendant has successfully shown that Stephen Anders is a necessary party under Rule 19(a) of the Federal Rules of Civil Procedure.

**II.     Indispensable**

Having concluded that Stephen Anders is a necessary party, and because his joinder would destroy diversity jurisdiction, this Court must consider whether he is indispensable to this lawsuit.

> The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).  This Court first notes that "[c]onsideration of the first and third factors . . . address much the same concerns as under the Rule 19(a)(2) analysis." *Owens-Illinois*, *Inc.*, 186 F.3d at 441 (citations omitted).  As discussed above, the potential for factual and legal whip-sawing suggests that the parties might be prejudiced by a judgment rendered in the absence of the non-diverse party Stephen Anders and, consequently, that such a resolution would be inadequate.  *Id.* at 441-42.  Thus, the first and third factors support a finding that Stephen Anders is indispensable.

As to the fourth element, R-Delight has an adequate remedy in the pending Montgomery County action.  The Circuit Court for Montgomery County is the best forum to resolve the issues pertaining to this litigation, because, there, all the parties may resolve their issues in a single case rather than in a piecemeal fashion in this Court.  Finally, as to the second element, this Court cannot envision a satisfactory remedy to lessen or avoid the potential prejudice.  Plaintiff suggests that Mr. Anders could intervene as a third-party plaintiff in this case, which would permit the Court to maintain subject matter jurisdiction.  (Pl.'s Opp'n Mot. Dismiss 6.)  Without

15

deciding whether this would even be an appropriate "remedy" to satisfy the second factor, this Court concludes that the factors as a whole weigh in favor of a finding that Stephen Anders is an indispensable party.

Additionally, this Court notes that the factors in subdivision (b) "are not intended to exclude other considerations which may be applicable in particular situations." Fed. R. Civ. P. 19 advisory committee's note.  Here, the potential entanglement of this Court with the need of the Circuit Court for Montgomery County to resolve the agency issue weighs in favor of dismissal.  The public interest in efficient settlement of controversies compels the conclusion that the Circuit Court for Montgomery County is the appropriate forum for this dispute.  The pending action in this Court cannot proceed in the absence of the non-diverse party Stephen Anders.

## CONCLUSION

This Court concludes that Stephen Anders is a necessary and indispensable party and his participation would destroy diversity jurisdiction.  Accordingly, for the reasons stated above, Defendant's Motion to Dismiss is GRANTED.  A separate Order follows.


Date: November 16, 2007                    /s/
                                           Richard D. Bennett
                                           United States District Judge